OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. One Rafael Cruz and defendant were indicted together. *890 At a pretrial hearing on Cruz’ motion to suppress an inculpatory statement allegedly made by him which also implicated defendant, Cruz testified and denied making the statement. Defendant’s attorney declined to cross-examine Cruz at the hearing. The court denied the suppression motion as well as defendant’s later motion for a severance. At the subsequent joint trial Cruz’ statement implicating defendant was admitted into evidence without redaction over the objection of defendant. Neither Cruz nor defendant took the witness stand. Defendant’s conviction on the verdict of the jury was reversed by the Appellate Division and a new trial granted on the ground that it was error, under the principles of Bruton v United States (391 US 123), to have admitted Cruz’ statement.
The opportunity for cross-examination at a pretrial suppression hearing does not satisfy a defendant’s constitutional right of confrontation (People v Berzups, 49 NY2d 417, 426). A fortiori is this so where, as here, the confessing codefendant denies making the alleged statement thereby removing all reason for cross-examination of the witness.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.